UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HOLLIS,

                Plaintiff,

vs.                                Case No. 2:05-cv-463-FtM-29DNF

CHARLIE GREEN,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court <u>sua sponte</u> on review of the Complaint (Doc. #1) for jurisdiction. Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Jurisdiction may be established where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States. 28 U.S.C. § 1332(a)(1). This Court also has original jurisdiction over cases arising under the U.S. Constitution and other federal laws. 28 U.S.C. § 1331. The Court may <u>sua sponte</u> dismiss a case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). <u>See</u> <u>Jefferson Fourteenth Assocs. v. Wometco De Puerto Rico, Inc.</u>, 695 F.2d 524, 526 (11th Cir. 1983); <u>California Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974).

     Plaintiff states that the case is brought under the Fourteenth Amendment of the United States Constitution and 18 U.S.C. § 1501.

The only factual basis provided is that defendant, of the "office of the clerk," "refused to accept a complaint" and obstructed justice. Section 1501 is a criminal statute which provides for a fine if a person "knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute" service of process. Only the Department of Justice, through the United States Attorney's Office, is authorized to initiate criminal actions. Plaintiff is not and has not alleged that he is an Assistant United States Attorney and plaintiff has further not alleged that defendant is "any officer of the United States." Therefore, the Court finds that the Complaint fails to allege a cause of action and must be dismissed.

As plaintiff is proceeding pro se, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a pro se party. The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be entitled "Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been

violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is now

**ORDERED**:

1. The Complaint (Doc. #1) is **DISMISSED** without prejudice with leave to amend the Complaint.

2. The Affidavit of Indigency (Doc. #2) is **taken under advisement** pending review of an Amended Complaint.

3. Plaintiff may file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order in compliance with the instructions in this Opinion and Order. If no Amended Complaint is filed, the Court will close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of October, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record